**OKURA & COMPANY (AMERICA), INC., Appellee,**

v.

**Russell J. TOBEY, Sr., and Terry R. Tobey, Appellants.**

**No. 88–1864.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 17, 1989.

Decided April 7, 1989.

Rehearing Denied May 16, 1989.

Bradley S. Dede, Clayton, Mo., for appellants.

Larry B. Luber & John W. Motick, St. Louis, Mo., for appellee.

Before ARNOLD, BOWMAN, and MAGILL, Circuit Judges.

ARNOLD, Circuit Judge.

Russell J. Tobey, Sr., and his wife Terry Tobey appeal the District Court's[1] order

---

**1.** The issues were tried before a United States Magistrate by consent of the parties.

setting aside his conveyance of an airplane to her as fraudulent, and permanently enjoining him from otherwise transferring or encumbering it. We reverse.

## I.

Okura & Co. (America), Inc. (Okura) brought suit against Tobey, Sr. (husband), Terry Tobey (wife), Tobey, Jr. (son), and four corporations. On January 12, 1988, the parties agreed to the entry of a consent judgment against husband for approximately $1.7 million and against wife and son jointly for $50,000, with the provision that no writ of execution would issue against wife and son if the judgment against them was paid within 45 days. The parties agreed at settlement that any asset of any defendant could be sold to satisfy the $50,000 judgment against wife and son. On the date of judgment, husband was the sole owner of an airplane (Plane 1). On February 19, 1988, Okura applied for a writ of execution on Plane 1.

On February 23, 1988, Okura received a cashier's check for $50,000 in payment of the judgment against wife and son. Two days later, husband delivered Plane 1 to a buyer in Michigan, for two cashier's checks for $31,000 and $16,000. On the same day, husband purchased Plane 2 with the $31,000 check. He placed this plane in both his and his wife's name, and gave her the $16,000 check. Plane 2 was subsequently transferred to Greg LaMear, wife's son, who resides beyond the District Court's jurisdiction. We shall refer to LaMear as "stepson," since that is his relationship to the principal debtor.

On April 14, 1988, after its writ of execution on Plane 1 was returned unexecuted, Okura filed motions for preliminary and permanent injunctions, to set aside the conveyance of Plane 2 from husband to wife as fraudulent under Missouri law, and to recover the remaining $16,000 from the sale of Plane 1. A combined hearing on the preliminary injunction and the merits was held May 18, 1988.

Husband and wife testified that they planned to sell Plane 1, valued at approximately $50,000, to satisfy the judgment against wife and son. This was completely permissible under the settlement agreement. Husband testified that although he found a buyer for Plane 1 in early February, the buyer would not pay until the plane was delivered to Detroit. Because husband was unable to sell Plane 1 in time to pay the judgment against wife and son, wife borrowed $50,000 from stepson to pay the judgment. Wife delivered Plane 2 and the $16,000 to stepson, as repayment on the loan. The hope was that stepson would be able to rent out Plane 2, apply profits from the rental against the $34,000 balance on the loan, and then return the plane to husband and wife.

The magistrate concluded that under Missouri law the husband's voluntary transfer of the $16,000 and Plane 2 to wife, coupled with a lack of consideration, gave rise to a strong inference of fraudulent intent, which husband and wife had not rebutted. Accordingly, the magistrate declared the transfer fraudulent.

## II.

### A.

■ Appellants first argue that the District Court should have disqualified itself. During the trial, the Court openly expressed skepticism about the credibility of husband and wife, both of whom testified. The contention that such statements cast any doubt on the Court's impartiality approaches the frivolous. It is the job of the Court in a non-jury trial to assess credibility. Thinking out loud on the subject during the course of the trial is not at all improper. The Court's statements were temperate and judicious and indicated no personal bias whatever. We reject this argument.

### B.

■ We turn to the merits. Under Missouri law, a conveyance made "with the intent to hinder, delay or defraud creditors" is fraudulent and void. Mo.Ann.Stat. § 428.020. The burden of proving fraudulent conveyance falls on the plaintiff. *Lin-*

*dell Trust Co. v. Commonwealth Land Title Ins. Co.*, 611 S.W.2d 283, 286 (Mo. App.1980). Because intent is rarely capable of direct proof, Missouri courts have identified certain "badges of fraud" which, if proved, raise a rebuttable presumption of fraudulent intent. They include (1) conveyance to a spouse; (2) inadequacy of consideration; and (3) conveyance in anticipation of execution. *Harmony Unlimited, Inc. v. Chivetta*, 743 S.W.2d 884, 886 (Mo.App. 1987).

The District Court erred in focusing solely on the transfer of money and Plane 2 from husband to wife, which was without consideration. Under the settlement agreement, husband could have sold Plane 1 to pay the judgment against wife and son. Okura was therefore not defrauded when husband gave Plane 1 (or its equivalent) to wife for her to use to pay the judgment against her. There is no evidence that either wife or son had any other assets that could have been used to satisfy the judgment within the 45–day period required by the agreement.

Furthermore, wife's conveyance of Plane 2 and the $16,000 check to stepson was not fraudulent, because the transfer was for valuable consideration—repayment of the $50,000 stepson lent wife to pay the judgment. Although this transfer from wife to stepson placed Plane 2 beyond the reach of Okura, Okura was not prejudiced, because it received the equivalent (a $50,000 cashier's check) in satisfaction of its judgment against wife and son. The District Court did not believe the testimony that the money to pay the judgment came, in effect, from the sale of Plane 1, but there is no evidence of any other source of the $50,000 payment, which Okura admittedly received. Our conviction that the Court's finding of intent to defraud was mistaken is definite and firm. Okura had the burden of proof. It has failed to show how it was injured by the transfers and has not presented sufficient evidence to establish a fraudulent conveyance.

### III.

The judgment is reversed, and the cause remanded with instructions to vacate the order setting aside the conveyance, as well as the injunction that was entered to carry it into effect.

It is so ordered.